59 F.(2d) 171. In the present case the old sentence was reinstated instead of making another essentially different, but the power exercised in either case is that given by the words quoted from the statute. The old sentence became effective because the court on January 25, 1933, so adjudged. Otherwise it would have remained a dead letter. If appellant is now to be imprisoned, it is not directly by virtue of the old sentence, but by virtue of the judgment of January 25, 1933. That judgment is now before this court, and the question is: Could appellant's probation be revoked to-day and he be ordered imprisoned for a violation of the National Prohibition Act? All federal authority so to do has, without any saving of pending cases, been withdrawn by the repeal of the Eighteenth Amendment, which had authorized it. We cannot by our mandate order execution of this order to imprison appellant for this cause. United States v. Chambers; Smallwood v. United States, supra.

The judgment is reversed, with direction to discharge the prisoner.

plains that our opinion goes beyond an affirmance of this finding as to burden of proof and makes an affirmative finding of fact that the Navigation bonds were held for investment. Our discussion of this subject closed with the sentence: "We conclude, therefore, that the Navigation bonds were held by Union Pacific for investment; hence no loss can be 'recognized' on the exchange." It was not our purpose to make any modification in the fact findings of the Board. Consequently our opinion will be modified by deleting the above-quoted sentence and substituting therefor the following: "We conclude, therefore, that the Board correctly held that the petitioner had not sustained the burden of proving that the Navigation bonds were not held by it for investment; hence no loss can be 'recognized' on the exchange."

The petition for rehearing is denied.

## UNION PACIFIC RAILROAD COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Circuit Court of Appeals, Second Circuit.
March 7, 1934.

For former opinion, see 69 F.(2d) 67.

Henry W. Clark, of New York City, for petitioner.

Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The taxpayer has petitioned for a rehearing as to the deduction of a loss incurred on the exchange of Navigation Company bonds in 1921. The Board held that the petitioner had not sustained the burden of proof that the Navigation Company bonds were held for investment. The petitioner com-

## ROSE v. UNITED STATES.
No. 6380.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1934.

